5            UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
6                      AT SEATTLE

7   UNITED STATES OF AMERICA,

8                    Plaintiff,            Case No.  CR12-62RSL

9        v.                                ORDER GRANTING IN PART
                                           AND DENYING IN PART
10  JUAN MAGANA-GUZMAN,                    MOTION TO WITHDRAW
                                           GUILTY PLEA AND FOR
                     Defendant.            APPOINTMENT OF NEW
11                                         COUNSEL

12

13

14

15       This matter comes before the Court on defendant Juan Magana-Guzman's motion

16  to withdraw guilty plea and for appointment of new counsel (Dkt. # 923).  Defendant

    seeks to withdraw his guilty plea based on his contentions that his attorney failed to
17
    provide effective assistance of counsel and he felt pressured to sign a document he did
18
    not fully understand.  Having considered the facts set forth in defendant's motion,
19
    defendant's statements during the June 4, 2013, hearing, the Court finds the following:
20
         (1) Under Rule 11, a defendant may withdraw a guilty plea after the court accepts
21
    the guilty plea, but before sentencing if "the court rejects a plea agreement under Rule
22
    11(c)(5); or. . . the defendant can show a fair and just reason for requesting the
23
    withdrawal."  Fed. R. Crim. P. 11(d); United States v. Ruiz, 257 F.3d 1030, 1032 (9th
24
    Cir. 2001) (en banc).  Whether to allow the withdrawal of a plea is within the sole
25

26  ORDER GRANTING IN PART AND
    DENYING IN PART MOTION - 1

discretion of the district court. United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004). While the defendant has the burden to show a fair and just reason for the withdrawal, that standard is to be applied liberally. Id. "[T]he 'fair and just reason' standard is simply more generous than the standard for determining whether a plea is invalid." United States v. Garcia, 401 F.3d 1008, 1012 (9th Cir. 2005). The fact that a defendant's plea was knowing and voluntary cannot count against the defendant's attempt to withdraw the plea before sentencing unless that is the only "fair and just reason" asserted by the defendant. Id.

(2) The Ninth Circuit has found that fair and just reasons for granting a motion to withdraw a plea include "inadequate plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." Id. In addition, "[e]rroneous or inadequate legal advice may. . . constitute a fair and just reason for plea withdrawal." United States v. Bonilla, 637 F.3d 980, 983 (9th Cir. 2011). A defendant seeking to withdraw a plea based on a claim of erroneous or inadequate representation need only show that "proper advice 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the [grounds for withdrawal] prior to pleading." Garcia, 401 F.3d at 1011-12.

(3) During the hearing, defendant explained that his attorney did not read the entire plea agreement to him before he entered a guilty plea. He also contends that he was not thinking clearly during the change of plea hearing because "there was a lot going on." He claims that he was afraid and felt pressured to sign the plea agreement.

(4) Despite these contentions, the Court finds this to be a simple case of buyer's remorse. Defendant does not claim that his attorney gave him bad or inaccurate legal advice. His only claim of ineffective assistance of counsel rests on his allegation that his attorney did not read the plea agreement to him. However, this claim contradicts his

ORDER GRANTING IN PART AND
DENYING IN PART MOTION - 2

testimony under oath that the plea agreement was translated and read to him before the hearing.[1]

(5) Furthermore, even if defendant is correct that his lawyer did not read the plea agreement to him before the change of plea hearing, this failure is not a "fair and just reason" for withdrawal of the plea. United States v. Thornton, 23 F.3d 1532, 1533-34 (9th Cir. 1994) (any advice by defendant's counsel that defendant would not receive life sentence does not establish ineffective assistance of counsel where district judge advised defendant during change of plea hearing that life sentence was possible). The Court read the plea agreement page-by-page and a certified interpreter translated for defendant during the plea colloquy. The Court explained the elements of the five crimes included in the plea agreement. Defendant stated he understood each crime to which he was pleading guilty. The Court read the entire statement of facts. Defendant stated the facts presented were true. The prosecutor explained the statutory penalties for each crime. Defendant stated he understood he was facing a mandatory minimum sentence of 15 years. Finally, after the Court explained the rights that defendant was giving up by pleading guilty, defendant voluntary pled guilty to each individual charge set forth in the plea agreement.

(5) Considering this record, the Court finds that defendant has failed to present a fair and just reason to withdraw the plea and therefore DENIES defendant's motion to withdraw the plea.

(5) With respect to defendant's request for new counsel, the Court finds that the attorney-client relationship has suffered irreparable harm and thus, GRANTS defendant's request. The Court will appoint new counsel for sentencing.

_____

[1] Defendant also received a version of the plea agreement well in advance of the day of the settlement conference and change of plea hearing.

ORDER GRANTING IN PART AND
DENYING IN PART MOTION - 3

1    For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN

2  PART defendant's motion to withdraw guilty plea and for appointment of new counsel

3  (Dkt. # 923).  Defendant's motion to withdraw the plea is DENIED and defendant's

4  motion for the appointment of new counsel is GRANTED.

5        DATED this 7th day of June, 2013.

6

7

8        Robert S. Lasnik
         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER GRANTING IN PART AND
    DENYING IN PART MOTION - 4